UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEESH v SMITH, et al.,                              9:04-CV-779 (NAM/GJD)
_____

TYHEEM KEESH, Plaintiff pro se
ROBERT D'LUCCA, Plaintiff pro se
JEFFREY P. MANS, Asst. Attorney General, for Defendants

**ORDER**

Plaintiffs' depositions in this case were scheduled for December 6 and 7, 2005. On December 5, 2005, defense counsel requested that he be permitted to cancel the depositions and obtain an extension of the discovery deadline for the purpose of taking these depositions. The basis for the request was an affidavit from plaintiffs that counsel received on December 5, 2005, asking for specific items prior to their depositions. I asked defense counsel to fax to the court a letter-request, attaching plaintiffs' affidavit.

After a review of the defendants' letter, together with plaintiffs' affidavit, I orally allowed defense counsel to cancel the depositions, and stated that I would issue an order regarding the extension of discovery and plaintiffs' demands. The oral order was necessary based on the short notice given to counsel by plaintiffs and the necessity for defense counsel to inform the stenographer of the cancellation in order to avoid wasting time and money.

A review of the plaintiffs' affidavit shows that plaintiffs had various requests.

First, the plaintiffs asked that they each be allowed to be present at the other's deposition because "government officials get prisoners alone and seek to abuse [them]." Plaintiffs allege that it would help their concentration and make them less agitated if they had each other for support at the deposition.

Second, plaintiffs allege that because prison officials are not providing them with their religious diet, they are both experiencing a lack of concentration and focus. Plaintiffs complain that the location of the depositions was not listed, and plaintiffs believe that the depositions should take place at Shawangunk Correctional Facility, where the incidents in this case took place and where plaintiffs are both housed. Plaintiffs submit a proposed order requesting each other's presence at the deposition; that the depositions await appointment of counsel; that plaintiff's be provided food in accordance with their religious dietary laws, and that the food will be prepared by adherents of their religion.

It is true that plaintiffs have filed a motion for appointment of counsel (Dkt. No. 49) and a motion for a preliminary injunction (Dkt. No. 37), both of which are under consideration by this court. The court also notes that plaintiffs have filed a motion to amend the complaint that is also under consideration by the court. (Dkt. No. 56). It appears that plaintiffs are proceeding rather well by themselves and seem to have no problem filing multiple documents, requests, and proposed orders.

The court will be issuing a decision on the motion for appointment of counsel

Case 9:04-cv-00779-NAM-ATB   Document 65   Filed 12/06/05   Page 3 of 4

shortly, and will ***not*** postpone the depositions based upon that motion.  Plaintiffs perception that defendants attempt to "get prisoners alone" to abuse them, and that each plaintiff would be more comfortable if the other were present at the deposition is not a sufficient reason to grant plaintiffs request.  Defendants have a right to depose plaintiffs, and the court would point out that defendants' attorney will be present as well as a court stenographer.  Plaintiffs have no basis for this request.

With respect to the two requests regarding the plaintiffs' religious diet, and their inability to obtain proper nutrition, this court must have more information.  According to some of the papers filed with the motion for preliminary injunction, plaintiff's religious diet is merely a vegetarian diet.  Plaintiffs have not indicated how defendants are denying them food and why they have waited until now to state that they are so weak that they cannot concentrate.  Plaintiffs must submit further information regarding this request, and ***must answer the following questions under oath***:

1. What is the religion that plaintiffs are practicing?

2. What are the specific dietary restrictions of this religion?

3. Why are plaintiffs unable to obtain alternatives to meat, or why are they unable to eat the food that is served?

4. Are these dietary restrictions in written form of any type?  If so, they must be attached to plaintiffs' affirmation.

5. Have plaintiffs requested to be examined by facility physicians for their conditions?

3

The affidavit answering these questions must be filed by December 30, 2005. Defendants may also respond to plaintiffs' claims regarding their alleged weakened condition by December 30, 2005.  The court will also grant defendants' request for an extension of discovery so that these issues may be resolved, and defendants may take plaintiffs' depositions.  Plaintiffs are advised that bad faith attempts to postpone discovery, cause defendants additional expense, and cause improper delay in this action may be grounds for sanctions.

    **WHEREFORE,** it is

    **ORDERED,** that discovery in this action is extended until ***February 28, 2006*** for the purpose of taking plaintiffs' depositions, and it is

    **ORDERED,** that plaintiffs have until ***December 30, 2005*** to provide sworn responses to the court's questions, and it is further

    **ORDERED,** that defendants shall also have until ***December 30, 2005*** to respond to plaintiffs' allegations.

Dated: December 6, 2005

                                           _____
                                           Hon. Gustave J. DiBianco
                                           U.S. Magistrate Judge