UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**TYHEEM KEESH, f/k/a Tyheem Allah and
JESUS MICHAEL JOVA, f/k/a Robert D'Lucca,**

|  |  |  |
|---|---|---|
| | **Plaintiffs,** | **9:04-CV-0779** |
| | | **(NAM)(GJD)** |
| **v.** | | |

**JOSEPH T. SMITH, Superintendent, Shawangunk
Correctional Facility; EVAN GORELICK, Deputy
Superintendent of Programs, Shawangunk Correctional
Facility; GLENN S. GOORD, Commissioner, New York
State Dept. of Correctional Services; JOHN H. NUTTALL;
MARK LEONARD; GEORGE PATAKI,**

_____**Defendants.**_____

**APPEARANCES:**                          **OF COUNSEL:**

**TYHEEM KEESH,**
  **f/k/a Tyheem Allah**
**JESUS MICHAEL JOVA**
  **f/k/a Robert D'Lucca**
Plaintiffs, *pro se*

**OFFICE OF THE ATTORNEY GENERAL**       **JEFFREY P. MANS, Esq.**
**State of New York**                          **Assistant Attorney General**
Counsel for Defendants

GUSTAVE J. DI BIANCO, MAGISTRATE JUDGE

## DECISION and ORDER

### I.    Introduction and Proceedings to Date

Plaintiffs Tyheem Keesh, f/k/a Tyheem Allah, and Jesus Michael Jova, f/k/a

Robert D'Lucca, inmates in the custody of the New York State Department of

Correctional Services ("DOCS"), filed this civil rights action alleging that they have

been denied accommodations by DOCS to practice their religion in violation of their

free exercise rights under the First Amendment and the Religious Land Use and

Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc *et seq.* ("RLUIPA").

Plaintiffs' religion, known as "Tulukeesh", was started by plaintiff Keesh in 2003.

Dkt. No. 31, Affirmation of Tyheem Keesh ¶ 9.[1]  Plaintiff Keesh identifies himself as

the "Savior and Teacher" of Tulukeesh.  *Id*. at Ex. A p. 3.  The tenets and practices of

Tulukeesh are set forth in the holy book which Keesh authored entitled "Holy

Blackness."  Dkt. No. 26 at Facts ¶ 12; Dkt. No. 36 (Motion for Preliminary

Injunction) Affirmation of Tyheem Keesh ¶ 13.[2]

In response to a letter request from Keesh, defendant Gorelick, Deputy

Superintendent of Programs at Shawangunk, advised that, in accordance with DOCS

Directive 4202, approval of all requests for congregate religious services or classes

require the involvement of outside religious clergy and an approved inmate facilitator.

Dkt. No. 47, Mans Aff. Ex. F.  Gorelick also stated that special menus and holidays

---

[1]  In 2002, Keesh filed an action claiming that the had been denied the right to practice his Jewish faith.  *Allah v. Walker*, 9:02-CV-0175 (FJS/DRH).  Then-Chief District Judge Frederick J. Scullin, Jr. granted summary judgment in favor of the defendants on this claim, finding that plaintiff failed to establish that his beliefs were sincerely held.  *Id*., Dkt. No. 89.  Keesh's appeal of the dismissal of this action was dismissed by the Second Circuit.  *Id.*, Dkt. No. 95.

[2]  Required practices and observances include congregational gatherings; adherence to dietary laws; observation of holy days and fast days; possession of religious items and literature; and adherence to mandates regarding hygiene and health.  Dkt. No. 26, Facts at ¶ 36 and Ex. 1 at p. 2-4.

could be established only with direction from outside clergy.  *Id*.  Keesh was advised

that DOCS takes no position acknowledging any particular religion and that he could

continue to practice his faith in his cell.  *Id*.

In June, 2004, Keesh commenced a proceeding in New York State Supreme

Court pursuant to CPLR Art. 78, alleging that the determinations made by defendants

Goord and Smith regarding the practice of Tulukeesh deprived him of his

constitutional right to practice his religion.  Dkt. No. 47, Mans Aff. ¶ 5 and Ex. D.  By

Decision and Judgment dated December 30, 2004, Keesh's petition was dismissed on

its merits.  In his decision, State Supreme Court Justice E. Michael Kavanagh

determined that the respondents acted reasonably and appropriately in responding to

Keesh's request for accommodation of his religious beliefs and practices, by applying

the provisions of DOCS Directive 4202.  *Id*. and Ex. E.

This action followed.  Following the filing of defendants' answer to the

complaint, the Court set pretrial deadlines for this action.  Dkt. No. 39.[3]  Plaintiffs

filed several motions for injunctive relief, seeking to compel defendants to

accommodate plaintiffs' practice of their religion with respect to, *inter alia*, religious

diet, holiday observances, programming, and access to religious items and literature.

Dkt. Nos. 31, 36, 37.  By Memorandum-Decision and Order filed March 2, 2006,

---

[3] The deadline for filing non-dispositive motions was set for August 30, 2005; the discovery completion deadline was set for December 30, 2005; and the deadline for filing dispositive motions was set for April 30, 2006.  *Id*.

plaintiffs' motions were denied by the Honorable Norman A. Mordue.  Dkt. No. 79.[4]

Presently before this Court for consideration are motions from plaintiffs seeking leave to file a second amended complaint and to compel discovery.  Plaintiffs' motion for a protective order regarding the conduct of their depositions is also before the Court.

## II.   Motion to Amend

The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court, and its decision is not subject to review on appeal except for abuse of discretion.  *Nettis v. Levitt*, 241 F.3d 186, 192 (2d Cir. 2001).  A motion to amend a pleading is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend shall be freely given "when justice so requires."  Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).  In the case of proposed amendments where new defendants are to be added, the Court must also look to Rule 21, which states that a party may be added to an action "at any stage of the action and on such terms as are just."  *See United States v. Chilstead Building Co.*, No. 96-CV-0641 (N.D.N.Y.  Nov. 7, 1997) (McAvoy, C.J.).

A motion to amend may properly be denied where the requested relief would be

---

[4] Plaintiffs' appeal of that decision is pending before the United States Court of Appeals for the Second Circuit.  Dkt. No. 80.

futile. *Foman, supra*, 371 U.S. at 182.[5]  Similarly, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted).  The Second Circuit has stated that "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000).

Plaintiffs seek leave to file a second amended complaint in this action, having previously filed an amended complaint as of right pursuant to Rule 15(a).  The proposed amended complaint submitted in support of the motion names fourteen (14) **additional** defendants and sets forth plaintiffs' claims in one hundred thirty-eight (138) **additional** paragraphs.  Dkt. No. 56.[6]  The proposed amendments set forth ongoing acts and/or omissions by defendants which, according to plaintiffs, are attributable to the violation of their right to practice their religious beliefs.  As plaintiff Keesh recognizes, "[t]o be truthful, it would be necessary to amend my

---

[5]  A proposed amended complaint seeking to assert a claim which is barred by the statute of limitations is futile and must be denied. *Malesko v. Correctional Services Corp.*, 229 F.3d 374, 382-84 (2d Cir. 2000), *rev'd on other grounds*, 534 U.S. 61 (2001); *Davis v. Trojer*, 2001 WL 829872 *3 (S.D.N.Y. July 20, 2001).

[6]  The proposed amended complaint is forty-five pages long and contains two hundred eighty-nine separately numbered paragraphs. *Id.*

complaint every day." Dkt. No. 69 ¶ 3.

Defendants oppose plaintiffs' motion to amend. Dkt. No. 57. Defendants urge the denial of the requested amendments on numerous grounds, including failure to state a claim, failure to allege facts sufficient to state a claim, and futility. *Id*.

As defendants correctly note, the proposed amended complaint sets forth claims against several newly named defendants who are absolutely immune from liability on plaintiffs' claims for damages.

The law in this Circuit clearly provides that "[j]udges enjoy ***absolute immunity*** from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young*, 41 F.3d at 51 (internal quotations omitted).

Plaintiffs name Hon. E. Michael Kavanagh as a defendant in their proposed amended complaint. Justice Kavanagh is identified as the judicial officer who presided over the Article 78 proceeding commenced by plaintiff Keesh in state court. See Dkt. No. 56, Proposed Amended Complaint at ¶¶ 272-98. It is clear that the determination of the Article 78 petition was within the jurisdiction of a justice of the New York Supreme Court. Justice Kavanagh therefore enjoys absolute immunity from the claims asserted in the complaint and is not a proper defendant in this action.

6

Assistant Attorneys General serving in their role as defense attorneys for state actors are absolutely immune from suits arising from actions "intimately associated with the judicial phase" of their duties. *Blouin v. Spitzer*, 356 F.3d 348, 357 (2d Cir. 2004) *citing Imbler v. Pachtman*, 424 US 409, 430 (1976). The examination of whether absolute immunity applies focuses on the conduct engaged in and the role of the defendant, government attorney. If the action complained of stems from the traditional role of the government-attorney advocate in litigation, the defendant is absolutely immune from suit. *See Blouin*, 356 F.3d at 357; *see also Parkinson v. Cozzolino*, 238 F.3d 145 (2d Cir. 2001); *Spear v. Town of West Hartford*, 954 F.2d 63 (2d Cir. 1992).

Plaintiffs seek to name Assistant Attorneys Generals Brown and Mans and Senior Assistant Solicitor General Spiegel as defendants in this action. Dkt. No. 56, Proposed Amended Complaint. AAG Brown is identified as the attorney who represented the state respondent in Keesh's Article 78 proceeding. Proposed Amended Complaint ¶¶ 278-85. Plaintiffs allege that an affidavit submitted in that state court proceeding by Brown contained various falsehoods and that Brown was engaged in a conspiracy with DOCS officials to violate Keesh's constitutional and statutory rights. Similar allegations are made as against Spiegel, who represented the State of New York during the appellate stage of Keesh's state court proceeding, and AAG Mans, who represents defendants in this action and submitted papers in

7

opposition to plaintiffs' motion for injunctive relief.

Upon review, the Court finds that plaintiffs' proposed amended complaint sets forth claims against these individuals for actions taken by them which were "intimately associated" with the judicial phase of their duties and that these individuals are therefore absolutely immune from liability and not proper defendants in this action.

The Court also finds that insofar as plaintiffs seek by their proposed amended complaint to assert additional clams regarding the conditions of their confinement arising under the Eighth and Fourteenth Amendments (*see* Dkt. No. 56, Proposed Amended Complaint at ¶¶ 160-271), the granting of the motion would likely significantly delay resolution of this matter, thereby warranting the denial thereof. *See Foman*, 371 U.S. at 182.

Denial of plaintiffs' motion to amend is also warranted because the motion was untimely. *See Parker v. Columbia Pictures, supra*, 204 F.3d at 340. Plaintiffs' motion papers are dated September 19, 2005, more than two weeks after the deadline set by the Court in the Pretrial Scheduling Order for the filing of non-dispositive motions. *See* Dkt. No. 56.

Based upon the foregoing, plaintiffs' motion for leave to file a second amended complaint (Dkt. No. 56) is **DENIED**.

## III.    Motions to Compel Discovery

By their first motion to compel discovery, plaintiffs seek an order of this Court directing defendants to respond to their request for interrogatories and for production of documents.  Dkt. No. 66.  Although plaintiffs claim that defendants failed to respond to their discovery requests, it is clear that responses were duly provided, and that plaintiffs' objections are directed to the sufficiency thereof.

Plaintiffs propounded a set of interrogatories to defendants.  Defendants answered the interrogatory regarding expert witnesses and objected to the remainder of plaintiffs' requests, on the ground that the requests were unnecessarily vague.  *See* Dkt. No. 67, ex. A (Defendants' Response to Interrogatories).  Following an exchange of correspondence which was not successful in resolving the parties' differences, plaintiffs filed this motion to compel.

Upon review, defendants' objections to the interrogatories are sustained.  As discussed above, the issues in this litigation regarding plaintiffs' religious beliefs and practices and the application of DOCS Directive 4202 are clearly framed.  Plaintiffs interrogatories however are vague and do not appear to seek discovery of information relevant to those issues.[7]  For example, plaintiffs request disclosure of "every fact that supports defendant(s) claims that Plaintiff violated DOCS rules and/or regulations

---

[7]  It should be noted that defendants have provided plaintiffs and the Court with extensive documentation regarding the determinations made with respect to plaintiffs' request for accommodation of their religious beliefs and practices.  See Dkt. Nos. 41, 45.

while housed at Shawangunk Correctional Facility or any DOCS facility." Dkt. No.

67ex. A ¶ 7.  Plaintiffs also seek disclosure of "the exact time and location where the

incident(s) referred to in the Complaint pertaining to defendant(s) is alleged to have

occurred" (*Id*. ¶ 9).  In this context of this case, which does not involve specific

"incidents" or disciplinary actions against plaintiffs, these interrogatories are not

susceptible of a meaningful response by defendants.

Turning to plaintiffs' request for production of documents, with the exception of

plaintiffs' request for their medical records (discussed below), these requests are not

proper and defendants' objections are sustained.  Again, by way of illustration,

plaintiffs request "photographs, slides, films and/or videotapes" of the scene of the

"incidents relevant to this litigation" (Dkt. No. 67 ex. B ¶ 2) notwithstanding the fact

that no "incidents" have been identified.  Plaintiff's also seek "employment, school

and DOCS records of defendants" (*Id*. ¶ 8), but do not establish any basis upon which

this Court could conclude that these records are relevant to this action or are likely to

lead to the discovery of admissible evidence.

As noted, plaintiffs requested production of their medical records.  *Id.* ¶ 7.

Defendants objected to the requested production on several grounds.  Dkt. No. 67 ex.

B ¶ 7.  However, by letter dated December 1, 2005, defendants' counsel advised

plaintiffs that their medical records would be made available to them for inspection

and copying (at plaintiffs' expense) at their correctional facility.  *Id*. ex. F.

Accordingly, this aspect of plaintiffs' motion to compel is denied as moot.

In sum, for the reasons et forth, plaintiffs' first motion to compel discovery is

**DENIED**.

Plaintiffs filed a second motion to compel discovery on February 1, 2006.  Dkt.

No. 74.  By this motion, plaintiffs seek an order of this Court compelling defendants to

respond to a second set of interrogatories and documents requests from plaintiff

Keesh, a first request for admissions from plaintiff Keesh, and a set of interrogatories

and documents requests from plaintiff Jova.  The discovery requests from plaintiff

Keesh are dated December 12, 2005; the requests from plaintiff Jova are dated

December 4, 2005.  *Id*.

By letter dated January4, 2006, defendants' counsel advised plaintiffs that the

discovery requests were not timely filed in accordance with the Pretrial Scheduling

Order in this action and that defendants would not respond thereto.  Dkt. No. 76 ex. A.

Thereafter, by letters dated January 5, 2005, plaintiffs' requested that the discovery

deadline be reset.  Dkt. Nos. 71, 72.  Plaintiffs claimed that they had not been able "to

focus long enough" to file the discovery requests in a timely fashion due to their

inability to obtain the Tulukeesh diet.  *Id*.

By letter dated January 10, 2006, defendants' counsel urged the denial of

plaintiffs' request for an extension of the discovery period in this action.  Dkt. No. 70.

According to counsel, plaintiffs failed to establish good cause for the delay, and,

moreover, had already received substantial discovery materials in this action.  *Id*.

Defendants also filed papers in opposition to plaintiffs' second motion to compel. Dkt. No. 76.

The discovery requests which are the subject of plaintiff's second motion to compel were not timely served in accordance with the Pretrial Scheduling Order and plaintiffs' failure is grounds for denial of the motion.  However, in light of plaintiffs' subsequent request to extend the deadline, the Court has considered whether plaintiffs have demonstrated good cause therefor and finds that they have not.  For the reasons set forth below in connection with the Court's consideration of plaintiffs' objections to their duly noticed depositions (see IV *infra*), plaintiffs have not substantiated their claims that they have been unable to pursue this action in a timely fashion.

Accordingly, plaintiffs' second motion to compel (Dkt. No. 74) is **DENIED**.

## IV.    Plaintiffs' Depositions

Defendants' counsel sought leave to depose the plaintiffs.  By Order filed October 31, 2005, leave was granted and the depositions were noticed for December 6 and 7, 2005.  Plaintiffs requested permission to attend each other's deposition because "government officials get prisoners alone and seek to abuse [them]."  Dkt. No. 64 at 1. Plaintiffs further claimed that it would help their concentration and make them less agitated if they had each other present at their deposition.  According to plaintiffs, defendants' refusal to provide them with their religious diet severely limited their ability

12

to consume a proper diet, and as a result, they were experiencing a loss of concentration and focus due to lack of proper nutrition. *Id*. at 2.

In light of these claims, the Court directed plaintiffs to answer certain questions regarding their diet and their health under oath, and afforded defendants an opportunity to respond to plaintiffs' claims regarding their alleged weakened condition. Dkt. No. 65.[8] The depositions were postponed pending review of these submissions.

Plaintiffs responded to the Court's request for additional information in support of their claims of weakened medical condition. Dkt. No. 68. Plaintiffs provided extensive information regarding Tulukeesh, and the dietary restrictions imposed thereby.[9] Plaintiffs did not, however, provide any medical documentation in support of their claims that their physical well-being had been seriously compromised.

By contrast, defendants submitted current medical assessments of both plaintiffs. Dkt. No. 68. According to these records, plaintiff Jova was overweight and had not sought medical attention in nearly nine months. Plaintiff Keesh was reported to have a BMI within the average range and not sought medical attention for nutrition-related

---

[8] Plaintiffs' requests that the depositions be postponed pending determination of their motions for appointment of counsel and for injunctive relief were denied. Dkt. No. 65. The Court also rejected plaintiffs' claims that they might be abused or otherwise intimidated if they were required to attend a deposition without the other plaintiff being present as lacking merit. *Id*.

[9] These restrictions dictate not only what foods may be eaten, but also require that food be prepared by Tulukeesh adherent and that Tulukeesh adherents be permitted to eat in private or in the company of other believers and not be required to witness the consumption by others of dead animals or animal products. Dkt. No. 69.

concerns.  *Id.*, Decl. of Joseph Smith at ¶ 5.  Both plaintiffs had opted to receive the religious alternative (meatless) diet, and appeared to supplement that diet with commissary purchases.  *Id.*, Smith Dec. at ¶ 6.  Neither plaintiff appeared to be experiencing any difficulties with their work assignments.  *Id.*, Smith Dec. at ¶ 7.  Moreover, the Court notes that since these submissions were made, plaintiffs have not sought to supplement the record nor have they otherwise sought judicial relief for these health concerns.

Based upon the Court's review of this matter, plaintiffs' request for relief regarding their depositions (Dkt. No. 64) is DENIED.  Defendants may re-notice plaintiffs' depositions, which shall be taken no later than **November 30, 2006.** Plaintiffs shall be given **twenty (20) days** prior notice of the depositions, which may be held at a correctional facility reasonably convenient to defendants' counsel.  Plaintiffs' request to be present at each other's deposition is **DENIED**.

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiffs' motion for leave to file a second amended complaint (Dkt. No. 56) is **DENIED**, and it is further

**ORDERED**, that plaintiffs' motion to compel discovery (Dkt. No. 66) is **DENIED**, and it is further

**ORDERED**, that plaintiffs' motion to compel discovery (Dkt. No. 74) is **DENIED**, and it is further

**ORDERED**, that plaintiff's request for relief regarding their depositions (Dkt. No. 64) is **DENIED**. Defendants may re-notice plaintiffs' deposition s, which shall be taken no later than **November 30, 2006.** Plaintiffs shall be given **twenty (20) days** prior notice of the depositions, which may be held at a correctional facility reasonably convenient to defendants' counsel. Plaintiffs' request to be present at each other's deposition is **DENIED**, and it is further

**ORDERED**, that the dispositive motion filing deadline is set for **January 31, 2007**, and it is further

**ORDERED**, that the Clerk serve this Decision and Order on the parties.

Dated: September 21, 2006

_____

Hon. Gustave J. DiBianco
U.S. Magistrate Judge