UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYHEEM KEESH, f/k/a Tyheem Allah and
JESUS MICHAEL JOVA, f/k/a Robert D'Lucca,

              Plaintiffs,              9:04-CV-0779
                                                                          (NAM)(GJD)

      v.

JOSEPH T. SMITH, Superintendent, Shawangunk
Correctional Facility; EVAN GORELICK, Deputy
Superintendent of Programs, Shawangunk Correctional
Facility; GLENN S. GOORD, Commissioner, New York
State Dept. of Correctional Services; JOHN H. NUTTALL;
MARK LEONARD; GEORGE PATAKI,

              Defendants.
_____

**APPEARANCES:**                           **OF COUNSEL:**

TYHEEM KEESH,
  f/k/a Tyheem Allah
90-B-0548
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589
and
JESUS MICHAEL JOVA
  f/k/a Robert D'Lucca
95-A-0425
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589
Plaintiffs, *Pro Se*

OFFICE OF THE ATTORNEY GENERAL      JEFFREY P. MANS, Esq.
State of New York                                  Assistant Attorney General
Litigation Bureau
The Capitol
Albany, NY 12224

Counsel for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION and ORDER

### INTRODUCTION

Plaintiffs Tyheem Keesh, f/k/a Tyheem Allah, and Jesus Michael Jova, f/k/a Robert D'Lucca, inmates in the custody of the New York State Department of Correctional Services ("DOCS"), filed this civil rights action alleging that they have been denied accommodations by DOCS to practice their religion in violation of their free exercise rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc *et seq.* ("RLUIPA").  Dkt. No. 26. Plaintiffs' religion, known as "Tulukeesh" "the religion of the creator," was started by plaintiff Keesh in 2003.  Dkt. No. 31, Affirmation of Tyheem Keesh ¶ 9.

Plaintiffs thereafter filed motions seeking preliminary injunctive relief.  Dkt. Nos. 31, 36, 37. Plaintiffs sought an order of this Court compelling the defendants to accommodate their religious practices with respect to, *inter alia*, diet, holiday observances, programming, and access to religious items and literature.  Plaintiffs also sought an order restraining the defendants from taking adverse actions against plaintiffs in retaliation for their exercise of their First Amendment rights.  *Id*.

By Memorandum-Decision and Order filed March 2, 2006, plaintiffs' motions for preliminary injunctive relief were denied.  Dkt. No. 79.  Plaintiffs appealed that decision to the United States Court of Appeals for the Second Circuit.  Dkt. No. 80.  By Mandate issued January 23, 2007, the appeal was dismissed because it lacked an arguable basis in law or fact.  Dkt. No. 114.

In addition to the appeal, plaintiffs filed a second motion for preliminary injunctive relief. See Dkt. No. 91.[1]  This motion is presently before the Court for consideration.

## PLAINTIFFS' PRIOR MOTIONS

In its Memorandum-Decision and Order denying plaintiffs' prior motions for injunctive relief, the Court discussed the applicable legal standards and engaged in a thorough analysis of

---

[1] Defendants have filed a motion for summary judgment.  Dkt. No. 101.  This motion will be addressed in a separate order.

2

plaintiffs' claims. *See* Dkt. No. 79 at 5-14.[2] Treating plaintiffs' motions as seeking mandatory rather than prohibitory relief, the Court ruled that plaintiffs must make a "clear" or "substantial" showing of the likelihood of success, as well as irreparable harm should the injunction not be granted.[3]

With respect to plaintiffs' likelihood of success on the merits, the Court first considered the sufficiency of plaintiffs' showing of a sincerely held particular belief that is religious in nature. Dkt. No. 79 at 9. The Court wrote:

> [A] thorough reading of the record, particularly Keesh's writings, provides substantial support for the view that plaintiffs are principally motivated not by religious impulses but rather by the desire to achieve a more congenial lifestyle during their incarceration. For this reason, this Court finds that plaintiffs have not demonstrated a likelihood that a fact-finder would conclude that they are espousing sincerely-held religious beliefs that are entitled to free exercise protection.

*Id*. at 9-10.

The Court next considered whether the burdens placed on plaintiffs' asserted rights are reasonably related to legitimate penological interests. Dkt. No. 79 at 10. *See, e.g.*, *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (quoting *Benjamin v. Coughlin*, 905 F.2d 571, 574 (2d Cir. 1990)). Here again, following a careful review of the extensive record on the motions, the Court found that defendants had made a preliminary showing that their conduct towards plaintiffs is reasonably related to legitimate penological concerns and that it furthers, by the least restrictive means, the compelling governmental interest in maintaining institutional order and safety. *Id*. at 10-12.

Finding that plaintiffs did not make a clear or substantial showing that they are likely to

---

[2] The tenets and practices of Tulukeesh are described therein, see Dkt. No. 79 at 2-4, and familiarity with the Court's prior Order is assumed.

[3] Because plaintiffs alleged that the deprivation of their First Amendment rights resulted directly from the denial of their request for religious accomodation, irreparable harm was presumed for the purposes of the motions. *Id*. at 6.

succeed on the merits of their claims that defendants' refusal to accommodate certain aspects of plaintiffs' religion is unconstitutional, or that it violates RLUIPA, the Court denied plaintiffs' motions for injunctive relief. Dkt. No. 79 at 13-14.

## PLAINTIFF'S RENEWED MOTION

Plaintiffs' present motion for preliminary injunctive relief seeks an order of this Court mandating that defendants "make provisions for plaintiffs and all followers of Tulukeesh to practice their religion." Dkt. No. 91 at 1.[4] Plaintiffs state that injunctive relief is also sought to prevent defendants from retaliating against plaintiffs "by fabricating misbehavior reports" and "confining Plaintiffs without due process of law under keeplock or SHU confinement." *Id*. at 1-2. Both plaintiffs have submitted supporting affidavits.

Defendants oppose plaintiffs' motion. Dkt. No. 92. Defendants contend that plaintiffs seek essentially the same relief as they did in their prior motions and note that plaintiffs have not alleged any new facts in support of their claims. *Id*. Defendants maintain that the motion "is an inappropriate attempt to seek reconsideration of the Court's earlier order" and urge its denial. *Id*. at 2.

Upon review, plaintiffs' motion is denied. Plaintiffs have not made any showing in support of the requested injunction which was not considered by the Court in its decision denying plaintiffs' prior motions. Plaintiffs' reaffirmation as to the sincerity of their beliefs is noted by the Court; nevertheless, a much higher showing is required for the issuance of preliminary injunctive relief such as that sought by plaintiffs.[5]

---

[4] Plaintiffs seek an order directing defendants to permit them to possess religious materials, congregate for worship and classes, follow their religious diet, and observe Holy and Fast days. Dkt. No. 91-2 (Aff. of Tyheem Keesh) at ¶ 39.

[5] Although plaintiffs purport to limit the nature of the relief sought to accommodations which do not violate DOCS rules or regulations, *see* Dkt. No. 91-1 at 1, because Tulukeesh is not a religion which has been identified and accommodated by DOCS, granting the requested relief would in fact contravene defendants' interpretation and administration of DOCS Directive 4202 as

For all of the reasons stated by the Court in its prior Memorandum-Decision and Order, plaintiffs have not demonstrated that they are likely to succeed on the merits on the issue of whether the burdens placed on plaintiffs' asserted rights are not reasonably related to legitimate penological interests. Accordingly, plaintiffs are not entitled to preliminary injunctive relief mandating that defendants accommodate plaintiffs' religious practices. Insofar as plaintiffs allege that they are being retaliated against, the claims are vague and conclusory and wholly unsupported in the record. See Dkt. No. 91-2 (Keesh Aff.) ¶ 27; Dkt. No. 91-3 (Jova Aff.) ¶ 20.[6] This aspect of plaintiffs' motion is also denied.

WHEREFORE, it is therefore

ORDERED, that plaintiffs' renewed motion for preliminary injunctive relief (Dkt. No. 91) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties.

IT IS SO ORDERED.

    May 3, 2007
    Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

---

it applies to plaintiffs.

[6] Neither plaintiff identifies any specific instance of alleged retaliation subsequent to 2004.