UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TYHEEM KEESH, f/k/a Tyheem Allah and
JESUS MICHAEL JOVA, f/k/a Robert D'Lucca,

Plaintiffs,

9:04-CV-0779
(NAM)(GJD)

v.

JOSEPH T. SMITH, Superintendent, Shawangunk Correctional Facility; EVAN GORELICK, Deputy Superintendent of Programs, Shawangunk Correctional Facility; GLENN S. GOORD, Commissioner, New York State Dept. of Correctional Services; JOHN H. NUTTALL; MARK LEONARD; GEORGE PATAKI,

Defendants.

TYHEEM KEESH,
f/k/a Tyheem Allah
JESUS MICHAEL JOVA
f/k/a Robert D'Lucca
Plaintiffs, *pro se*

JEFFREY P. MANS, Esq.
Assistant Attorney General
Counsel for Defendants

GUSTAVE J. DI BIANCO, MAGISTRATE JUDGE

**DECISION and ORDER**

By Decision and Order of this Court filed September 21, 2006, plaintiffs' motions for leave to file a second amended complaint and to compel further discovery responses from the defendants were denied. Dkt. No. 89.[1]

---

[1] Plaintiffs Tyheem Keesh, f/k/a Tyheem Allah, and Jesus Michael Jova, f/k/a Robert D'Lucca, inmates in the custody of the New York State Department of Correctional Services ("DOCS"), filed this civil rights action alleging that they have been denied accommodations by DOCS to practice their religion in violation of their free exercise rights under the First Amendment

Plaintiffs' motion seeking reconsideration of that Decision and Order is presently before this Court. Dkt. No. 90.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir.1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' ...." *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir.1998) (citations omitted). *See Makas v. Ulster County*, 2007 WL 925728 * 1 (N.D.N.Y. Mar. 27, 2007) (Sharpe, J.).

In addressing plaintiffs' motion for leave to file a second amended complaint, the Court thoroughly reviewed the file in this mater and the proposed amended

---

and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc *et seq*. ("RLUIPA"). Summary judgment motions filed by plaintiffs (Dkt. No. 112) and defendants (Dkt. No. 101) will be addressed in a separate order.

pleading submitted by the plaintiffs.[2] The Court determined that several of the individuals named in that pleading were absolutely immune from liability under § 1983 and were not proper parties to this action. Dkt. No. 89 at 4-8.[3] The Court also found that granting the motion was likely to significantly delay resolution of this matter, thereby warranting the denial thereof. Because plaintiffs' motion to amend was filed after the expiration of the deadline set by the Court in the Pretrial Scheduling Order for filing non-dispositive motions, the motion was also denied as untimely filed. *Id.*

By their motion for reconsideration, plaintiffs reassert their belief that the requested amendments were necessary "to put the other issues in proper context." Dkt. No. 90 at 4. Plaintiffs maintain that the amended pleading set forth their claims that they have been denied the freedom to practice their religious beliefs due to "racism and retaliation" in greater detail and argue that the amended pleading should have been permitted. *Id.*

Upon review, the Court denies this aspect of plaintiffs' motion for reconsideration. The fact that plaintiffs disagree with the Court's decision does not

---

[2] Plaintiffs filed an amended complaint as of right in March, 2005. Dkt. No. 26.

[3] Plaintiffs' proposed amended complaint named fourteen (14) **additional** defendants and set forth plaintiffs' claims in one hundred thirty-eight (138) **additional** paragraphs. Dkt. No. 56. The pleading set forth ongoing acts and/or omissions which, according to plaintiffs, are attributable to the violation of their right to practice their religious beliefs. As plaintiff Keesh recognized, "[t]o be truthful, it would be necessary to amend my complaint every day." Dkt. No. 69 ¶ 3.

warrant reconsideration thereof, and the Court finds that plaintiffs have failed to demonstrate that reconsideration of its prior Order is necessary to remedy a clear error of law or to prevent manifest injustice.[4]

Plaintiffs also seek reconsideration of the Court's decision insofar as it denied their motions to compel discovery. Dkt. No. 90. By their first motion to compel, plaintiffs objected to the sufficiency of the responses provided by defendants to interrogatories and requests for production of documents. The Court thoroughly reviewed plaintiffs claims and determined that the objections interposed by defendants were proper. Dkt. No. 89 at 9-10. Plaintiffs' second motion, seeking responses to a second set of interrogatories and documents demands, was denied because the demands were not timely served in accordance with the Pretrial Order and because plaintiffs did not establish good cause for an extension for the discovery period. *Id*. at 11-12. Lastly, the Court addressed plaintiffs' request for relief regarding their depositions, and found that plaintiffs failed to demonstrate that their physical well-being had been seriously compromised such that their ability to participate in the depositions had been impaired. *Id*. at 12-14.[5]

By their motion for reconsideration, plaintiffs merely reassert their position that

---

[4] Plaintiffs do not claim that there has been an intervening change in the controlling law or that new evidence not previously available has come to light.

[5] The Court had previously granted plaintiffs' request to postpone the depositions in order to permit plaintiffs an opportunity to submit evidence of their medical condition. Dkt. No. 65.

their discovery requests were proper and that defendants' objections thereto should have been overruled. Dkt. No. 90 at 5-12.[6] Plaintiffs argue that the requested discovery relief would not have prejudiced defendants and that the information sought is relevant to their claims. With respect to their depositions, plaintiffs seek an order of this Court "striking" or otherwise voiding this discovery. Dkt. No. 90 at 11.

Upon review, the Court denies this aspect of plaintiffs' motion for reconsideration as well. Plaintiffs seek solely "to relitigate ... issue[s] already decided," and have not met the strict standard required for granting a motion for reconsideration. *See Shrader, supra*, 70 F.3d at 257.

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiffs' motion for reconsideration (Dkt. No. 90) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

Dated: May 25, 2007

G J DiBianco

Hon. Gustave J. DiBianco
U.S. Magistrate Judge

[6] Here again, plaintiffs do not claim that there has been an intervening change in the controlling law or that new evidence not previously available has come to light.