UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYHEEM KEESH; JESUS JOVA,                          9:04-CV-0779
                                                   (NAM/GJD)
                                  Plaintiffs,

                vs.

JOSEPH T. SMITH; EVAN GORELICK, et al.,

                                  Defendants.
_____

Tyheem Keesh
90-B-0548
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589
Plaintiff, *Pro Se*

Jesus Jova
95-A-0425
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589
Plaintiff, *Pro Se*

Jeffrey P. Mans
Asst. Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM DECISION and ORDER

Presently[1] before the court is plaintiffs' "Motion to Quash" the defendants' Bill of Costs,

filed on October 4, 2007. (Dkt. Nos. 129, 131).  Defendants have opposed plaintiffs' motion, and

plaintiffs have filed a reply. (Dkt. Nos. 132, 134).  For the following reasons, this court agrees

_____

[1] Plaintiffs have also filed a "Motion to Vacate" this court's decision, granting summary judgment in favor of defendants and dismissing this case. (Dkt. No. 130).  The "Motion to Vacate" will be addressed in a separate order.

with defendants, but will order a recalculation of the costs attributed to plaintiff Keesh, if appropriate, based on the findings in this order.

## DISCUSSION

On September 25, 2007, this court granted defendants' motion for summary judgment, dismissing plaintiffs' action in its entirety. (Dkt. No. 126).  On September 26, 2007, defendants filed a "Bill of Costs" pursuant to FED. R. CIV. P.  54(d)(1) and LOCAL RULES N.Y.N.D. 54.1(a). (Dkt. No. 128).  On October 4, 2007, the Clerk of the Court taxed the costs requested by defendant in the amount of $ 2000.50. (Dkt. No. 129).  On October 15, 2007, plaintiffs filed their "Motion to Quash." (Dkt. No. 131).

Rule 54(d) of the Federal Rules of Civil Procedure governs the taxation of costs against an unsuccessful litigant. FED. R. CIV. P. 54(d).  The Northern District of New York has a local rule that supplements Federal Rule 54(d). LOCAL RULES N.Y.N.D. 54.1(a).  Rule 54(d)(1) governs "Costs *Other Than* Attorneys Fees." (emphasis added).  The rule also provides that unless a statute, rule, or the court otherwise directs, costs other than attorneys fees *shall* be allowed to the prevailing party. *Id.*  These costs may be taxed "by the clerk on one day's notice." *Id.*  A party *opposing* the costs may file a motion within five days of the clerk's taxation of the costs. *Id.*  The Local Rule in the Northern District of New York specifies that "[t]he party entitled to recover costs shall file, within thirty (30) days after the entry of judgment, a verified bill of costs *on the forms that the Clerk provides*." LR 54.1(a)(emphasis added).

Plaintiffs in this case first complain that the defendants did not file a "motion" for costs, and argue that the court should deny defendants' request on that basis.  However, it is clear from the rules that no motion is required when filing a bill of costs, and that the Clerk of the Court taxes the costs unless the party opposing the costs files a motion to review the assessment. FED.

2

R. CIV. P. 54(d)(1).  Thus, this court will not deny defendants' request because they did not file a

formal motion.  No motion was required by defendants.[2]

In accordance with Rule 54(d)(1), prevailing parties may recover certain allowable,

reasonable, and necessary costs.  The Supreme Court has construed the term "cost" in this context

to include only the specific items enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T.*

*Gibbons, Inc.*, 482 U.S. 437, 441 (1987).  The six categories of expenses which may be taxed as

costs are:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily
> obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries,
> fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The assessment of costs against the losing party or parties is the "normal rule," not an

exception. *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001).   Thus, the burden is on the

losing party to show that costs should not be imposed. *Id.*  On a proper showing by the losing

party, otherwise allowable costs may be denied by the district court because of misconduct by the

prevailing party, the public importance of the case, the difficulty of the issues, or the losing

party's limited financial resources. *Id.*

Generally speaking, the reasonable costs of transcribing depositions "necessarily obtained

for use in the case" are properly taxed in favor of the prevailing party.  *See Whitfield,* 241 F.3d at

---

[2]  The court notes that plaintiffs were one day late in serving their motion for review of the clerk's action.
The rule provides that the motion must be served (mailed) within five days of the clerk's action.  In this case, the
Clerk taxed the costs on October 4, 2007, but plaintiffs did not mail their motion until October 10, 2007. (Dkt. No.
131).  Notwithstanding the late motion, this court will accept plaintiffs' papers and consider their arguments.

270.[3]  When a deposition transcript is used or received in evidence at trial, or is submitted to the court for consideration of a motion for summary judgment, costs are properly allowed, without regard to whether the deposition is specifically relied on as a basis for the decision. *Id.* at 271. Even where deposition transcripts are not introduced in evidence or used at trial, the Court  has discretion to tax the costs of the transcript if the circumstances warrant.  *Cleveland v. North American Van Lines*, 154 F.R.D. 37, 38 (N.D.N.Y. 1994); *see Donnelly v. Rhode Island Bd. of Governors for Higher Education*, 946 F.Supp. 147, 151 (D.R.I. 1996).

Defendants in this case requested the Clerk to tax the plaintiffs' depositions as costs. (Dkt. Nos. 128-29).  The bill for plaintiff Keesh's deposition totaled $ 1,392.50, and the bill for plaintiff Jova's deposition totaled $ 608.00. (Dkt. No. 129).  Plaintiffs argue that because defendants and the court did not "rely" on the depositions extensively in the summary judgment motion or in the court's decision, the depositions were not "necessary" and should not be taxed as costs. (Dkt. No. 134).  Plaintiffs then cite portions of their deposition testimony that they claim could have been discovered by other means and imply that the depositions were merely "a fishing expedition or interrogation to harass Plaintiffs." *Id.* at 2.

In *Whitfield*, the Second Circuit rejected a similar argument and held that the district court "used" the deposition because a "district court that rules on a motion for summary judgment must 'use' a filed deposition transcript to determine whether there is any genuine issue as to any material fact.  Such use provides a sufficient basis for the district court to tax costs on Whitfield . . . ." 241 F.3d at 271-72.  The court in *Whitfield* stated that the trial court is in a better position to assess the extent that it "used" the deposition in ruling on the summary judgment motion. *Id.* at

---

[3]  The Local Rules of Practice adopted in the Eastern and Southern Districts of New York allow for the taxation of the costs of an original and one copy of a deposition transcript "used or received in evidence at trial." Local Rules 54.1(c)(2).

272. This court did "use" plaintiffs' depositions in deciding the motion for summary judgment. Thus, whether the court cited the depositions "extensively" is not relevant to whether the depositions were "used" or "necessary."

Plaintiffs also argue that they should not have to pay for the depositions because they are indigent. As stated above, the losing parties' limited financial resources is one of the factors to consider in the imposition of costs. *Whitfield*, 241 F.3d at 270. However, the grant of *in forma pauperis* status does **not** preclude the taxation of costs against plaintiff. *See* 28 U.S.C. § 1915(f)(expressly recognizing that costs may be taxed against indigent prisoner). The statute governing *in forma pauperis* itself provides that if a judgment against a prisoner includes the payment of costs, "the prisoner shall be required to pay the full amount of the costs ordered." 28 U.S.C. § 1915(f)(2)(A). The statute also provides that the prisoner shall be required to make payments for costs in the same manner as provided for filing fees. *Id.* § 1915(f)(2)(B). Thus, the fact that plaintiffs are indigent or proceeding *in forma pauperis* does not prevent the assessment of costs. However, district courts retain discretion to limit or deny costs based on indigency. *Whitfield,* 241 F.3d at 270.

Plaintiffs argue that the assessment of costs will work a hardship on them and that they need their money so that they can supplement their diets with commissary purchases and so that they can use the money for rehabilitative purposes. Plaintiffs cite *Weaver v. Toombs*, 948 F.2d 1004 (6th Cir. 1991) for the proposition that the Sixth Circuit "refused" to allow costs to be deducted from prisoners' accounts after they lost a section 1983 action. (Dkt. No. 131 at 4). Actually, the court in *Weaver* **remanded** the case to the district court to determine the plaintiffs ability to pay, "in whole or in part **over an extended period if necessary**, the costs in controversy, taking into account all pertinent circumstances bearing upon their ability to pay and overriding

equitable considerations, if any."[4] 948 F.2d at 1015 (emphasis added).

The court in *Weaver* also found no constitutional impediment in the assessment of reasonable costs against the losing plaintiffs in the discretion of the court. *Id.* The court also specifically stated that a court **could** assess costs to a losing party whether the claim was frivolous or not. *Id.* at 1014. The court was **not** refusing to assess costs because the plaintiffs were indigent, the court was merely stating that if a party claimed indigency, the court should make an assessment of the party's ability to pay. *Id.* Having said this, the court notes that parts of *Weaver* were superceded by the amendments to the Prison Litigation Reform Act of 1995 (PLRA).[5] *See Singleton v. Smith*, 241 F.3d 534, 538-39, 541 (6th Cir. 2001).

In *Feliciano v. Selsky*, 205 F.3d 568, 571-72 (2d Cir. 2000), the Second Circuit discussed the amendments to the PLRA. The court stated that the PLRA added a provision to the *in forma pauperis* statute requiring payment of costs *in the same manner as the payment of the filing fee*. *See* 28 U.S.C. § 1915(f)(2)(A) & (B). The process for payment is described in section 1915(b)(2). Thus, it is clear that an *in forma pauperis* plaintiff **cannot** avoid the payment of costs simply by stating that he cannot afford to pay. However, plaintiffs in this case should be aware that the costs will be taken from their accounts in the same manner as filing fees are satisfied.

The sections in the PLRA providing for the repayment of filing fees provide that the prisoner will pay an initial fee of twenty percent of the average monthly balances or deposits for the previous six months and will subsequently make monthly payments equal to twenty percent of the income credited to his account during the preceding month, when the account exceeds ten

---

[4] The court also notes that *Weaver* involved costs on appeal, not costs at the district court level. This fact does not affect this court's analysis of plaintiffs' arguments.

[5] Pub. L. No. 104-134, § 804, 110 Stat. 1321-66, 1321-73 (1996)(codified at 28 U.S.C. § 1915).

6

dollars. 28 U.S.C. §§ 1915(a), (b)(1) & (b)(2).  Since the method for repaying the assessment of costs is the same as that for the repayment of filing fees, the plaintiffs will **not** be left without funds in their accounts, and plaintiffs' claims of indigency are not sufficient for the court to deny costs in this case.  A review of the appropriate factors shows that there is no other reason for this court to deny costs to defendants.

Thus, the court will deny plaintiffs' motion to quash the Bill of Costs to the extent that plaintiffs request that they be exempt from paying costs in this action.  However, in reviewing the invoices submitted by defendants, the court has discovered that in plaintiff Jova's deposition, defendants were charged for an original and **one** copy, while in plaintiff Keesh's case, it appears that defendants were charged for an original and **two** copies.  The bill for Mr. Keesh's deposition does state that "Condensed copy & indexing provided at no charge." (Dkt. No. 129 at 5).  The bill then states that the cost includes "320 pages - orig  + **2 copies**  + indexed copy + disc." *Id.* (emphasis added).

It is unclear whether the defendants were charged for two copies in Mr. Keesh's case. The entire bill was submitted as part of the itemization of the costs in this case and is part of the total cost calculation.  The generally allowed cost[6] is for the original and **one** copy of the deposition.[7] If the amount charged for Mr. Keesh's deposition does include a charge for **two** copies of the deposition, the defendants shall recalculate the amount of Mr. Keesh's costs, adjusting downward for the cost of the extra copy and re-submit the Bill of Costs for the court's approval.

---

[6] *See supra* n.3 (citing the Local Rules of the Eastern and Southern Districts of New York,  specifically providing for the original and **one** copy of a deposition transcript to be taxed as costs).

[7] In any event, it would not be equitable to charge one plaintiff for only one copy of the deposition while charging the other plaintiff for two copies.

**WHEREFORE**, based on the findings above, it is

**ORDERED** that plaintiffs' motion to quash the bill of costs (Dkt. No. 131) is **GRANTED IN PART**, only to the extent required to recalculate the amount of costs attributed to plaintiff Keesh, if appropriate, and to re-submit a new Bill of Costs for this court's approval, and it is

**ORDERED** that if a new Bill of Costs is required, defendants have until **Friday, June 13, 2008**, to recalculate the cost attributed to plaintiff Keesh by adjusting downward for the cost of one copy of the deposition, and re-file a corrected Bill of Costs, and it is further

**ORDERED** that plaintiffs' motion to quash the bill of costs (Dkt. No. 131) is **DENIED IN ALL OTHER RESPECTS**.

Date:  May 29, 2008

_____
Norman A. Mordue
Chief United States District Court Judge